No. A-CV-51-81

COURT OF APPEALS OF THE NAVAJO NATION

May 12, 1983

Bertha DAVIS, Appellant,

vs.

THE NAVAJO TRIBE, et. al., Appellees.

Richard George, Esq., Tuba City, Navajo Nation (Arizona) for Appellant, John Chapela, Esq., Window Rock, Navajo Nation (Arizona) for Appellees.

This is an appeal from an order of the district court dismissing a wrongful employment dismissal case for "lack of a cause of action." In June of 1978 the plaintiff filed an action reciting that she was a probationary employee of the Crownpoint Woman Infant Children (WIC) Program and had been terminated. While normally this would not give the plaintiff the right to any action for wrongful dismissal, she claimed that the dismissal was done without a hearing required by employment policy and the Due Process Clause of the Indian Civil Rights Act, and that the information given out about her employment slandered her and made it impossible for her to obtain employment.

On July 11, 1980 the district court found that the slander count of the complaint had not been proven, but found that the plaintiff's civil rights had indeed been violated and a grievance hearing was ordered.

On November 5, 1981 the district court found that a proper hearing had been conducted, that all administrative remedies had been exhausted (including one available to the plaintiff that she waived through in action) and that there was nothing left to the case. The court had earlier found that it should not intervene in an administrative employment matter, and apparently held to that view when it dismissed the action. The district court file discloses no new pleadings making further claims on behalf of the plaintiff.

The appeal is brought before the Court of Appeals on complaint that the order of dismissal was vague and that the personnel policies were also vague.

The district court order was not vague. While the court file is huge and it is difficult to trace the progress of the case because of the bulk, it is clear that the plaintiff made three claims in law, two of which were resolved by an administrative hearing on the merits. The other was resolved by the court on the merits when it found the defamation claim was not proved. Therefore the court merely found that the

case was moot and dismissed it. There is no challenge to the mootness ruling.

As to the administrative proceedings and policies, the American rule, as harsh as it may be, is that an employee at will has no remedy for firing unless:

(1) The employee is tenured by contract;

(2) The employee is tenured by practice of employment (i.e. the custom of the workplace);

(3) The employee is protected by civil rights legislation or a constitutional guarantee;

(4) The employee's firing violates protected speech policies;

(5) Public policy has been violated (e.g. firing for refusing sexual advances by a supervisor or firing for filing a worker's compensation claim); or,

(6) There is some other identifiable legal protection which has been breached.

Defamation actions are fashionable in the employment law field these days, and they may or may not relate to employment, depending upon the circumstances.

Here is an employee at will, who could be fired for any reason. The employee's fair hearing rights were violated, but that matter was cured. The defamation action was not renewed in the district court and it was not addressed in this appeal. This court finds no merit in the points raised on appeal, and the file discloses no other post-administrative hearing claim which should have been addressed by the trial court.

The court finds there is no probable cause for appeal as required by the provisions of 7 N.T.C. Sec. 801(b), which is a jurisdictional statute, and therefore this appeal must be dismissed.

So ORDERED.